IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Patricia A. Chatman,<br><br>        Plaintiff,<br>  v.<br><br>Michael J. Astrue,<br><br>        Defendant. | NO. C 08-05535 JW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER OF DISMISSAL** |

Presently before the Court is Plaintiff's Motion to Set Aside Order Dismissing Complaint. (hereafter, "Motion," Docket Item No. 7.) Plaintiff seeks to set aside the Court's January 16, 2009 Order ("January 2009 Order") dismissing Plaintiff's Complaint with leave to amend. (See Docket Item No. 5.)

Plaintiff filed her Complaint on December 10, 2008, seeking judicial review of an adverse decision by the Social Security Administration ("SSA"). (See Docket Item No. 1.) Under 42 U.S.C. § 405(g), a plaintiff must bring such an action within 60 days of the SSA's final determination. On January 16, 2009, the Court granted Plaintiff's request to proceed *in forma pauperis*, and subsequently dismissed her Complaint for failing to make allegations showing that her Complaint was brought within 60 days of the SSA's final determination. (January 2009 Order at 2-3.)

Plaintiff contends that the Court's *sua sponte* dismissal of her Complaint was improper because the 60-day requirement under § 405(g) is an affirmative defense that may be waived by the SSA Commissioner. (Motion at 2.)

The 60-day requirement of § 405(g) is not a jurisdictional requirement. Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987). Instead, it is treated as an affirmative defense, similar to a statute of limitations, that can be waived by the SSA Commissioner. See id. at 1277-78; Lopez v. Heckler, 713 F.2d 1432, 1440 (9th Cir. 1983). Although an affirmative defense may be waived by a defendant and ignored by a court, courts are not generally precluded from addressing the issue *سua sponte*. See Day v. McDonough, 547 U.S. 198, 204-05 (2006); Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000).

Here, the Court found it appropriate to raise the 60-day requirement because 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* prior to service. Upon review of the cases relied on by Plaintiff for the proposition that the Court does not have jurisdiction to raise statute of limitations problems, the Court finds that the cases are not on point–none explicitly state that a federal court cannot *sua sponte* raise statute of limitations problems nor do they address the court's power to review a complaint when it is filed *in forma pauperis*.

Plaintiff attempts to show that she timely brought this action by attaching a copy of the SSA's final determination as an exhibit to the present Motion. (Motion at 2.) Plaintiff, however, simply filed a blank document. (See Motion, Ex. A.) Thus, the Court is unable to evaluate the merits of Plaintiff's claim.

The Court finds it curious that Plaintiff has raised this issue even though the dismissal is with leave to amend to merely add allegations that would satisfy § 405(g) timing requirements.[1] Accordingly, the Court DENIES Plaintiff's Motion to Set Aside Order Dismissing Complaint. Since the Court has previously granted leave to amend, Plaintiff shall file an Amended Complaint on or before **February 20, 2009**.

---

[1] Plaintiff notes that the 60-day requirement can be extended any amount of time by the SSA Commissioner pursuant to 20 C.F.R. § 405.505 (2008). If Plaintiff's Complaint is timely pursuant to such an extension, amending her Complaint to allege that circumstance should not be that difficult.

Upon the filing of the Amended Complaint, the United States Marshal shall serve the Summons and Amended Complaint on the appropriate parties pursuant to the Court's January 16, 2009 Order granting Plaintiff's request to proceed *in forma pauperis*.

Dated: February 10, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harvey Peter Sackett hps@hpspc.com

| | |
|---|---|
| **Dated:  February 10, 2009** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ JW Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |